IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **NATALIO TREVIZO,** <br><br> Petitioner, <br><br> vs. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** <br><br> Case No. 2:16-CV-1204-DAK <br><br> The Honorable Dale A. Kimball |

This matter is before the court on Petitioner Natalio Trevizo's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On July 22, 2009, Mr. Trevizo was named in a two-count indictment charging possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On February 10, 2010, after a jury trial, the jury returned a verdict finding Mr. Trevizo guilty of possession of methamphetamine with intent to distribute. The jury was deadlocked on the possession of a firearm charge.

Based on the jury verdict, the court entered judgment as to Mr. Trevizo on April 30, 2010. Mr. Trevizo was sentenced to 180 months of imprisonment followed by a term of supervised release of 60 months.

On November 28, 2016, the court received from Mr. Trevizo a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Mr. Trevizo's motion provides seven grounds for reconsidering his sentence including ineffective assistance of counsel before, during, and after trial; a due process violation; a Miranda violation; a search and seizure violation; a violation for insufficient evidence; a Brady violation; and a confrontation clause violation. In addition to these

grounds, Mr. Trevizo claims actual innocence and ineffective assistance of counsel as a basis to overcome the one-year statute of limitations that would otherwise bar his motion.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack. A one-year statute of limitation applies to motions brought under § 2255.

> The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Judgment in Mr. Trevizo's underlying criminal case was entered on April 30, 2010. Mr. Trevizo had 30 days to file an appeal, but he did not file an appeal, although he claims the decision not to file an appeal was due to ineffective assistance of counsel. Therefore, the Judgment became final, and the one-year statute of limitations began to run, on May 30, 2010, when the time for filing his notice of appeal expired. *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Absent an event restarting the one-year period, Mr. Trevizo would be time barred from filing a petition after May 30, 2011, which would include his § 2255 petition, filed on November 28, 2016.

Although Mr. Trevizo claims several constitutional violations as grounds for his petition,

Mr. Trevizo does not claim that there was an impediment that prevented him from making a motion, that his constitutional rights are newly recognized by the Supreme Court and have been made retroactively applicable on collateral review, or that the violations are based on newly discovered facts. Therefore, none of the statutory events required to restart the one-year statute of limitations applies to Mr. Trevizo's petition. Absent one of the statutory events, the statute of limitations runs from the date on which Mr. Trevizo's judgment of conviction became final, and Mr. Trevizo is time barred from filing his petition.

Even if this court were to consider Mr. Trevizo's petition on its merits, the petition fails. First, Mr. Trevizo has procedurally defaulted on most of his claims because he could have, but did not, raise the claims at trial or on direct review. *See United States v. Frady*, 456 U.S. 152, 164 (1982) ("Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum."); *Massaro v. United States*, 538 U.S. 500, 504 (2003) (referring to the "general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice"). Therefore, Mr. Trevizo's has procedurally defaulted on his claims for a due process violation, a Miranda violation, a search and seizure violation, a violation for insufficient evidence, a Brady violation, and a confrontation clause violation because he failed to bring the claims at trial or on direct review.

However, the United States Supreme Court has recognized an exception to this general rule for ineffective-assistance-of-counsel claims. *See Massaro*, 538, U.S. at 504 ("We hold than an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."). When analyzing a

claim for ineffective assistance of counsel, the court starts with "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (citation omitted). To establish a claim for ineffective assistance of counsel, a petitioner has the burden of showing: "(1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). Petitioner must also demonstrate that his attorney's performance was unreasonable under prevailing professional norms. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

In his petition, Mr. Trevizo points to several examples of conduct by his counsel that he claims were ineffective, but Mr. Trevizo has failed to meet his burden of showing that any of the conduct was both constitutionally deficient and prejudicial. For example, Mr. Trevizo claims that his counsel was ineffective in his failure to conduct an adequate pretrial investigation, to subject prosecutor's case to a meaningful adversarial testing, and to appeal the decision. But Mr. Trevizo fails to provide any facts to support his claims, and he fails to explain how the result would have been different had his counsel taken different actions. Later in the petition, Mr. Trevizo does mention that the evidence presented failed to demonstrate his guilt and that the law and the trial court prevented an effective cross-examination, but those arguments appear to be disagreements with the jury's decision and the court's administration of the trial and not with the conduct of his counsel. Mr. Trevizo also claims that his counsel was ineffective for failing to bring a motion to suppress certain evidence. Although Mr. Trevizo is not clear as to the exact nature of the evidence that he thinks should have been suppressed, he appears to be arguing that both statements from informants and contraband should have been suppressed. However, Mr. Trevizo does not explain why the informant's unidentified statements or the unidentified contraband should have been

suppressed, and, therefore, Mr. Trevizo has failed to meet his burden of showing that his counsel was unreasonable for not attempting to suppress the evidence. Therefore, Mr. Trevizo has failed to establish that any of his counsel's conduct meets the legal standard for ineffective assistance of counsel.

Finally, Mr. Trevizo mentions his actual innocence in a paragraph attempting to explain why the one-year statute of limitations should not bar his petition. Like a claims for ineffective assistance of counsel, a claim for "actual innocence" is another exception to the general rule barring petitioners from raising claims on collateral review that were not raised on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" (citations omitted)). However, "[t]o be credible, [a claim for actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Mr. Trevizo has not presented any newly discovered evidence to support his claim for actual innocence. Therefore, the court does not consider his claim to be credible.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that "reasonable jurists could not debate whether

the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The court concludes that Mr. Harrison has not made a substantial showing of the denial of a constitutional right and, therefore, declines to issue a Certificate of Appealability. If Mr. Harrison wishes to appeal the court's ruling on his motion, he must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

For the reasons above, Mr. Trevizo's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE because it is barred by the statute of limitations and lacks merit.

DATED this 20th day of January, 2017.

BY THE COURT:

_Dale A. Kimball_
DALE A. KIMBALL
United States District Judge